UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JACK CABADA,

    Plaintiff,

v.

CALIFORNIA C.D.C.;
STATE OF CALIFORNIA,

    Defendants.

No. C 12-4825 SI (pr)

**ORDER OF DISMISSAL**

## INTRODUCTION

Plaintiff filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A because he may be a prisoner or under 28 U.S.C. § 1915 because he has applied to proceed *in forma pauperis*.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b). The court has similar powers for some cases in which the plaintiff is not a prisoner. If a plaintiff is not a prisoner, but is proceeding *in forma pauperis*, "the court shall dismiss the case at any

time" if the court determines that the action is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In his complaint, plaintiff alleges that he is in custody in a state hospital but does not know how that came to be.[1] He alleges that he served his prison sentence, that he was released to "county probation," and that his placement in a state hospital is "illegal." Docket # 1, p. 3. In his prayer for relief, plaintiff requests that he be released from custody.

The complaint must be dismissed. Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 131 S. Ct. 1289, 1293 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *see Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The complaint requests only plaintiff's release from custody. He therefore must file a petition for writ of habeas corpus to seek such release. Before he may file such a federal habeas petition, however, he must exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b)(1)(A),(c);

---

[1] Although plaintiff's complaint suggests that he was inexplicably plucked from the streets while on probation and sent a mental hospital, two documents attached to it provide further information about the circumstances of his custody. First, his cover letter states that he was sent to Atascadero State Prison from Corcoran State Prison on July 19, 2012, *see* Docket # 1-1, p.1. Second, a form attached to the complaint indicates that he was awaiting a commitment hearing. *See id.* at 2. According to the document, a hearing under California Penal Code § 2966 was scheduled to be held at Atascadero State Hospital four days after plaintiff signed his complaint. Section 2966 allows a hearing before the Board of Prison Terms for the purpose of determining whether a prisoner meets the criteria in California Penal Code § 2962. Section 2962, in turn, provides for treatment in a state mental hospital as a condition of parole for certain mentally disordered prisoners whose severe mental disorders cannot be kept in remission without treatment. Plaintiff handwrote on that form that he was merely "hyper," which was normal for him and there was "no cure for it." Docket # 1-1, p. 2.

2

*Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).

## CONCLUSION

For the foregoing reasons, the complaint is dismissed without prejudice to plaintiff challenging the fact of his confinement by filing a petition for writ of habeas corpus. The clerk shall close the file.

IT IS SO ORDERED.

DATED: February 7, 2013

SUSAN ILLSTON
United States District Judge